IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-43202-TLS |
| | ) | |
| DAVID J. MAJORINS and | ) | CH. 7 |
| WENDY K. MAJORINS, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on February 17, 2010, on the Chapter 7 Trustee's objection to exemptions (Fil. #13), and a resistance by Debtors (Fil. #18). Kevin O'Connell appeared on behalf of Debtors, and Joseph H. Badami appeared as the Chapter 7 Trustee.

The underlying facts are not in dispute. In March 2002, Debtors purchased Lots 24 and 25, Block 3, Hartland Homes East 4th Addition, Lincoln, Lancaster County, Nebraska. Lot 24 has the address of 5504 Ezekiel Place, Lincoln, Lancaster County, Nebraska, while Lot 25 has the address of 5500 Ezekiel Place, Lincoln, Lancaster County, Nebraska.

The improvements on the lots consist of a single building containing two townhome units. One townhome unit is located on each of the lots, with a common dividing wall between the two units. The units have separate addresses, separate entrances, separate systems, and separate garages. Debtors and their children live in the unit located on Lot 24, while the mother of Debtor David Majorins lives in the unit on Lot 25.

Debtors have claimed the Nebraska homestead exemption of Neb. Rev. Stat. § 40-101 as applicable to both lots as a combined parcel. The Chapter 7 Trustee objects to the claim of the homestead exemption in Lot 25, and desires to sell the property in order to recover the non-exempt equity.[1] Neb. Rev. Stat. § 40-101 provides as follows:

> A homestead not exceeding sixty thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner, and not in any incorporated city or village, or, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

The Nebraska Supreme Court has instructed that the homestead exemption law is to be liberally construed. *Sanne v. Sanne*, 167 Neb. 683, 690, 94 N.W.2d 367, 372 (1959); *Horn v. Gates*, 155 Neb. 667, 671, 53 N.W.2d 84, 86 (1952).

---

[1]The amount of equity is also at issue, but the parties deferred such issue pending the results of this hearing.

Debtors rely upon the decision of the Nebraska Supreme Court in the case of *Hawley v. Arnold*, 137 Neb. 238, 288 N.W. 823 (1939). Mr. and Mrs. Hawley were owners of real property consisting of one and one-half city lots in North Platte, Nebraska. The improvements on the property consisted of a duplex structure, which contained two dwellings divided by a solid wall, but all under one roof. The court determined that the building was a single structure "although there is a dividing wall through the building separating the same into two divisions with separate basements and separate heating plants." *Id.* at 825. The court held that the entire improvement constituted Mr. and Mrs. Hawley's homestead and summarized Nebraska law as follows:

> In a similar situation, this court, in the case of *Corey v. Schuster*, 44 Neb. 269, 62 N.W. 470, 472, speaking through Commissioner Ragan, used the following language: "The law does not contemplate by the words 'dwelling house' any particular kind of house. It may be a 'brown stone front,' all of which is occupied for residence purposes, or it may be a building part of which is used for banking or business purposes, or it may be a tent of cloth. All that the law requires on the subject is that the homestead claimant and his family should reside in this habitation or dwelling house, whatever be its character, on the premises claimed as a homestead." And it was held that, where the first floor of a structure was used for mercantile purposes and the second floor for residential purposes, the entire building constituted the family homestead. See, also, the case of *Hess v. Eselin*, 110 Neb. 590, 194 N.W. 469, where it was held that an apartment house, in which mortgagor lived with his family, constituted a homestead; and the case of *Foltz v. Maxwell*, 100 Neb. 713, 161 N.W. 254, where a hotel was held to constitute a homestead, where a portion of the same was occupied by the homestead claimant.

*Id.*

The Chapter 7 Trustee argues that the townhomes on Lots 24 and 25 are clearly separate and distinct residences with separate legal descriptions, so *Hawley* should not apply. I agree. The purpose of the homestead statutes is to protect the home of a debtor and his family from forced sale on execution or attachment. *Blankenau v. Landess*, 626 N.W.2d 588, 595 (Neb. 2001); *Giles v. Miller*, 54 N.W. 551, 552 (Neb. 1893). The cases cited by the *Hawley* court all involved situations where the property could not be sold without displacing the family. Although not specifically addressed in the opinion, it appears that the two halves of the Hawley duplex did not each have its own legal description and, therefore, could not be sold as separate properties. In contrast, the townhomes at issue in this case are separate and distinct homes with separate and distinct legal descriptions, and Lot 25 (including the home built thereon) can be readily sold without displacing the family living in the home on Lot 24.[2] The homes happen to be attached via a common wall, but that fact alone cannot transform the two townhomes into one homestead. Even a liberal construction

---

[2]In fact, Debtors appear to be treating Lot 25 as investment property. Schedule I lists income from real property in the amount of $1,100.00 per month and these lots are the only real property owned by Debtors.

of the statute does not lead one to conclude that Lot 25 is a "dwelling house in which the claimant resides." Many other jurisdictions faced with this situation reach the same result. *See, e.g.*, *Belcher v. Turner*, 579 F.2d 73 (10th Cir. 1978); *In re Bornstein*, 335 B.R. 462 (Bankr. M.D. Fla. 2005); *Kilburn v. Filby (In re Filby)*, 225 B.R. 532 (Bankr. D.N.H. 1998).

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's objection to exemptions (Fil. #13) is granted as to Lot 25.

DATED: February 22, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 Kevin O'Connell/David G. Hicks
 *Joseph H. Badami
 United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.